1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   PATRICK CONNALLY
6  and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION,        E-filing
7  SERVICES: HELPING YOU
   HELP OTHERS
8

*FILED*

1 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9
                    UNITED STATES DISTRICT COURT                **BZ**
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
   PATRICK CONNALLY, an individual; and )    **CASE**
12 DISABILITY RIGHTS, ENFORCEMENT, )    **Civil Rights**    07    3032
   EDUCATION, SERVICES:HELPING YOU )
13 HELP OTHERS, a California public benefit )    **COMPLAINT FOR INJUNCTIVE RELIEF**
   corporation,                             )    **AND DAMAGES:**
14                                          )
             Plaintiffs,                    )    **1st CAUSE OF ACTION:** For Denial of Access
15                                          )    by a Public Accommodation in Violation of the
   v.                                       )    Americans with Disabilities Act of 1990 (42
16                                          )    U.S.C. §12101, *et seq.*)
   BAYPORT MARINA PLAZA LLC, a             )
17 limited liability company,               )    **2nd CAUSE OF ACTION:** For Denial of Full
                                            )    and Equal Access in Violation of California
18                                          )    Civil Code §§54, 54.1 and 54.3
             Defendant.                     )
19 _____)    **3rd CAUSE OF ACTION:** For Denial of
                                                 Accessible Sanitary Facilities in Violation of
20                                               California Health & Safety Code §19955, *et seq.*

21                                               **4th CAUSE OF ACTION:** For Denial of
                                                 Access to Full and Equal Accommodations,
22                                               Advantages, Facilities, Privileges and/or
                                                 Services in Violation of California Civil Code
23                                               §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                               **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                              1

1   Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,

2   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3   public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4   defendant BAYPORT MARINA PLAZA LLC and allege as follows:

5   **INTRODUCTION:**

6        1.      This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are

8   members, for failure to remove architectural barriers structural in nature at defendants'

9   BAYPORT MARINA PLAZA LLC, a place of public accommodation, thereby discriminatorily

10   denying plaintiffs and the class of other similarly situated persons with physical disabilities

11   access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

12   goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and

13   damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

14   California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

15   *seq.*

16        2.      Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

17   about March 20, 2007, was an invitee, guest, patron, customer at defendants' BAYPORT

18   MARINA PLAZA LLC , in the City of Redwood City, California.  At said time and place,

19   defendants failed to provide proper legal access to the Commercial Office Building, which is a

20   "public accommodation" and/or a "public facility" including, but not limited to the signage,

21   parking, path of travel men's and women's restroom.  The denial of access was in violation of

22   both federal and California legal requirements, and plaintiff PATRICK CONNALLY suffered

23   violation of his civil rights to full and equal access, and was embarrassed and humiliated.

24   **JURISDICTION AND VENUE:**

25        3.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

26   §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27   Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

28   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  California law, whose goals are closely tied with the ADA, including but not limited to violations

2  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

3  *seq.*, including §19959; Title 24 California Building Standards Code.

4       4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5  founded on the facts that the real property which is the subject of this action is located at/near

6  643 Bair Island Road, Suite 400, in the City of Redwood City, County of San Mateo, State of

7  California, and that plaintiffs' causes of action arose in this county.

8  **PARTIES:**

9       5.    Plaintiff PATRICK CONNALLY is a "physically handicapped person", a

10  "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

11  "physically disabled", "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning, but

13  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

15  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

16  PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable

17  California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in

18  upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK

19  CONNALLY requires the use of a wheelchair to travel about in public. Consequently, plaintiff

20  PATRICK CONNALLY is a member of that portion of the public whose rights are protected by

21  the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

22  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

23  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

24  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

25       6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

27  with persons with disabilities to empower them to be independent in American society. DREES

28  accomplishes its goals and purposes through education on disability issues, enforcement of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1  rights of persons with disabilities, and the provision of services to persons with disabilities, the
2  general public, public agencies and the private business sector.  DREES brings this action on
3  behalf of its members, many of whom are persons with physical disabilities and whom have
4  standing in their right to bring this action.

5      7.      That members of DREES, like plaintiff PATRICK CONNALLY, will or have
6  been guests and invitees at the subject BAYPORT MARINA PLAZA, and that the interests of
7  plaintiff DREES in removing architectural barriers at the subject Commercial Building advance
8  the purposes of DREES to assure that all public accommodations, including the subject
9  Commercial Building, are accessible to independent use by mobility-impaired persons.  The
10  relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

11     8.      Defendant BAYPORT MARINA PLAZA LLC (hereinafter alternatively
12  collectively referred to as "defendant") is the owner and operator, lessor and/or lessees, or agent
13  of the owner, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public
14  accommodation known as BAYPORT MARINA PLAZA, located at/near 643 Bair Island Road,
15  Suite 400, Redwood City, California, or of the building and/or buildings which constitute said
16  public accommodation.

17     9.      At all times relevant to this complaint, defendant BAYPORT MARINA PLAZA
18  LLC, owns and operates in joint venture the subject BAYPORT MARINA PLAZA as a public
19  accommodation.  This business is open to the general public and conducts business therein.  The
20  business is a "public accommodation" or "public facility" subject to the requirements of
21  California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the
22  ADA, 42 U.S.C. §12101, *et seq.*

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1    10.    At all times relevant to this complaint, defendant BAYPORT MARINA PLAZA

2  LLC is jointly and severally responsible to identify and remove architectural barriers at the

3  subject pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

4  pertinent part:

5              § 36.201       General

6                  (b) *Landlord and tenant responsibilities.* Both the landlord
                who owns the building that houses a place of public
7                  accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
8                  requirements of this part. As between the parties, allocation of
                responsibility for complying with the obligations of this part may
9                  be determined by lease or other contract.

10             28 CFR §36.201(b)

11  **PRELIMINARY FACTUAL ALLEGATIONS:**

12    11.    The BAYPORT MARINA PLAZA, is a commercial building, located at/near 643

13  Bair Island Road, Suite 400, Redwood City, California. The BAYPORT MARINA PLAZA, is

14  comprised of a series of Commercial suites whose tenants premises are public accommodations

15  including but not limited to: 1st Floor - Total Planning Concepts; State Farm; Private Office;

16  Gradient Systems; Castle Insurance Agency; Ledwith Houghton & Co.; Professional Home Care

17  Assoc., 2nd Floor - Consolidated Investments; AGISTIX ; RHINO Network Solutions; Edgewood

18  Center; Vitalog Inc., 3rd Floor - NTA America; Fowler Assoc.; Gibbons Syst; Quantile Design

19  Solutions; FUNAMBOL Inc.; Inspiration Med. and 4th Floor - Law Office of Bronson Brinkhop,

20  Griffth & Strong. BAYPORT MARINA PLAZA its signage, parking, path of travel, men's

21  restroom, women's restroom, and its other facilities are each a "place of public accommodation

22  or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

23  On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

24  structural repairs and additions", each of which has subjected the BAYPORT MARINA PLAZA

25  and each of its facilities, its signage, parking, path of travel, men's and women's restroom to

26  disability access requirements per the Americans with Disabilities Act Accessibility Guidelines

27  (ADAAG), and Title 24 of the California Code of regulations (Title 24).

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12.    At all times stated herein, plaintiff PATRICK CONNALLY was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendant, and each of them, advertised, publicized and held out, that all of the elements of and the premises of the tenants who lease and/or rent from defendant BAYPORT MARINA PLAZA LLC what is commonly referred to as the BAYPORT MARINA PLAZA as being handicapped accessible and handicapped usable.

14.    On or about March 20, 2007, plaintiff PATRICK CONNALLY was an invitee and guest at the subject BAYPORT MARINA PLAZA, for purposes of conducting person affairs.

15.    On or about March 20, 2007, plaintiff PATRICK CONNALLY with his driver Ben Kinney, pulled into the parking lot which serves all the tenants, their guests, invitees and the general public who are there to conduct business.

16.    At said time and place, plaintiff PATRICK CONNALLY discovered that there was a lack of or inadequate parking signage, the number and type of disabled parking stalls and proper path of travel.

17.    At said time and place, plaintiff PATRICK CONNALLY entered suite 400 and found that the lobby counter was too high.

18.    At said time and place, plaintiff PATRICK CONNALLY, during the course of the mediation, needed to use an accessible restroom. It did not matter if it was a men's or women's restroom.

19.    At said time and place, plaintiff PATRICK CONNALLY went to the men's restroom which appeared to some, the whole floor and was unable to use the stall designated for the disabled, because the stall was too short and plaintiff PATRICK CONNALLY was unable to close the stall door behind him.

20.    At said time and place, plaintiff PATRICK CONNALLY upon leaving, saw a maintenance person and inquired if there were any handicap accessible restrooms. That person was unaware of any.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    21.    Therefore, at said time and place, plaintiff PATRICK CONNALLY, a person

2  with a disability, encountered the following inaccessible elements of the subject BAYPORT

3  MARINA PLAZA which constituted architectural barriers and a denial of the proper and legally-

4  required access to a public accommodation to persons with physical disabilities including, but

5  not limited to:

6            a.    lack of directional signage to show accessible routes of travel i.e
               entrances;
7
            b.    lack of the requisite number of regular disabled parking stall(s);
8
            c.    lack of disabled van accessible parking stall(s);
9
            d.    lack of (proper) disabled parking signage;
10
            e.    lack of a handicapped-accessible women's public restrooms;
11
            f.    lack of a handicapped-accessible men's public restrooms;
12
            g.    On personal knowledge, information and belief, other public facilities
13              and elements too numerous to list were improperly inaccessible for use
               by persons with physical disabilities.
14

15    22.    At all times stated herein, the existence of architectural barriers at defendants'

16  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

17  with the Americans with Disabilities Act of 1990 either then, now or in the future.

18    23.    At all times those parties/entities, that leased suite 400 knew or should have

19  known that their men's and women's restrooms were not accessible and should be brought into

20  compliance.

21    24.    At all times stated herein, defendants, and each of them, were "negligent per

22  se" in not removing architectural barriers determined by the Department of Justice to be

23  considered a safety concern/safety hazard where it was readily achievable for said public

24  accommodation to remove barriers. The barriers and those requirements for barrier removal are

25  found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as

26  "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers

27  encountered by plaintiff, plaintiff suffered bodily injury.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    architectural barriers, policies, practices and procedures that denied access to plaintiffs and other

2    persons with disabilities, plaintiffs suffered the damages as alleged herein.

3           26.    As a further legal result of the actions and failure to act of defendants, and as a

4    legal result of the failure to provide proper handicapped-accessible public facilities as set forth

5    herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

6    Plaintiff PATRICK CONNALLY suffered a loss of his civil rights and his rights as a person with

7    physical disabilities to full and equal access to public facilities, and further suffered bodily injury

8    (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or

9    transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a

10   legal result of defendants negligence in the design, construction and maintenance of the existing

11   men's restroom stalls and failing to remove partitions and enlarge the stalls, plaintiff PATRICK

12   CONNALLY suffered continuous, repetitive and cumulative trauma to his extremities while

13   attempting to use the stall and toilet therein).  Further, plaintiff PATRICK CONNALLY suffered

14   emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not

15   limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and

16   naturally associated with a person with physical disabilities being denied access, all to his

17   damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is

18   being made for mental and emotional distress over and above that usually associated with the

19   discrimination and physical injuries claimed, and no expert testimony regarding this usual mental

20   and emotional distress will be presented at trial in support of the claim for damages.

21          27.    Defendants', and each of their, failure to remove the architectural barriers

22   complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said

23   public accommodation, and continues to create continuous and repeated exposure to substantially

24   the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as

25   stated herein.

26          28.    Plaintiff PATRICK CONNALLY and the membership of DREES were denied

27   their rights to equal access to a public facility by defendant BAYPORT MARINA PLAZA LLC,

28   because defendant BAYPORT MARINA PLAZA LLC maintained an entire office building

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  without access for persons with physical disabilities to its facilities, including but not limited to
2  signage, parking, path of travel, men's restrooms, women's restrooms, and other public areas as
3  stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs
4  and other persons with physical disabilities in these and other ways.

5       29.    On information and belief, construction alterations carried out by defendants
6  have also triggered access requirements under both California law and the Americans with
7  Disabilities Act of 1990.

8       30.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the to be
9  made accessible to meet the requirements of both California law and the Americans with
10 Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the
11 BAYPORT MARINA PLAZA as a public facility. Plaintiffs seek damages for violation of their
12 civil rights on March 20, 2007 and they seek statutory damages of not less than $4,000, pursuant
13 to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his
14 visit that plaintiff PATRICK CONNALLY was deterred from returning to the BAYPORT
15 MARINA PLAZA because of his knowledge and belief that the premises was and remains
16 inaccessible to persons with disabilities.

17      31.    On information and belief, defendants have been negligent in their affirmative
18 duty to identify the architectural barriers complained of herein and negligent in the removal of
19 some or all of said barriers.

20      32.    Because of defendants' violations, plaintiffs and other persons with physical
21 disabilities are unable to use public facilities such as those owned and operated by defendants on
22 a "full and equal" basis unless such facility is in compliance with the provisions of the
23 Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*
24 *seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court
25 compelling defendant to make the BAYPORT MARINA PLAZA accessible to persons with
26 disabilities.

27      33.    On information and belief, defendants have intentionally undertaken to modify
28 and alter existing building(s), and have failed to make them comply with accessibility

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  requirements under the requirements of ADAAG and Title 24. The acts and omission of

2  defendants, and each of them, in failing to provide the required accessible public facilities at

3  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

4  despicable conduct carried out by defendants, and each of them, with a willful and conscious

5  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

6  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

7  profound example of defendants, and each of them, to other operators of other Commercial

8  Buildings and other public facilities, and to punish defendants and to carry out the purposes of

9  the Civil Code §§ 51, 51.5 and 54.

10      34.    Plaintiffs are informed and believe and therefore allege that defendant

11  BAYPORT MARINA PLAZA LLC, and each of them, caused the subject building(s) which

12  constitute the BAYPORT MARINA PLAZA to be constructed, altered and maintained in such a

13  manner that persons with physical disabilities were denied full and equal access to, within and

14  throughout said building(s) of the BAYPORT MARINA PLAZA and were denied full and equal

15  use of said public facilities. Furthermore, on information and belief, defendants have continued

16  to maintain and operate said BAYPORT MARINA PLAZA and/or its building(s) in such

17  conditions up to the present time, despite actual and constructive notice to such defendants that

18  the configuration of the BAYPORT MARINA PLAZA and/or its building(s) is in violation of the

19  civil rights of persons with physical disabilities, such as plaintiff PATRICK CONNALLY, the

20  membership of plaintiff DREES and the disability community which DREES serves. Such

21  construction, modification, ownership, operation, maintenance and practices of such public

22  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

23  the ADA, 42 U.S.C. §12101, *et seq.*

24      35.    On personal knowledge, information and belief, the basis of defendants' actual

25  and constructive notice that the physical configuration of the facilities including, but not limited

26  to, architectural barriers constituting the BAYPORT MARINA PLAZA and/or building(s) was

27  in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes,

28  but is not limited to, communications with invitees and guests, the tenants of BAYPORT

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  MARINA PLAZA itself, owners of other Commercial Buildings and businesses, notices they
2  obtained from governmental agencies upon modification, improvement, or substantial repair of
3  the subject premises and other properties owned by these defendants, newspaper articles and
4  trade publications regarding the Americans with Disabilities Act of 1990 and other access laws,
5  public service announcements by former U.S. Attorney General Janet Reno between 1993 and
6  2000, and other similar information. Defendants' failure, under state and federal law, to make
7  the BAYPORT MARINA PLAZA accessible is further evidence of defendants' conscious
8  disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite
9  being informed of such effect on plaintiff and other persons with physical disabilities due to the
10 lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to
11 take any steps to rectify the situation and to provide full and equal access for plaintiffs and other
12 persons with physical disabilities to the Commercial Building. Said defendants, and each of
13 them, have continued such practices, in conscious disregard for the rights of plaintiffs and other
14 persons with physical disabilities, up to the date of filing of this complaint, and continuing
15 thereon. Defendant had further actual knowledge of the architectural barriers referred to herein
16 by virtue of the demand letter addressed to the defendant and served concurrently with the
17 summons and complaint. Said conduct, with knowledge of the effect it was and is having on
18 plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious
19 disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying
20 the imposition of treble damages per Civil Code §§52 and 54.3.

21     36.    Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its
22 membership and the disability community which it serves, consisting of persons with
23 disabilities, would, could and will return to the subject public accommodation when it is made
24 accessible to persons with disabilities.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**
(On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant BAYPORT MARINA PLAZA LLC, a limited liability company, inclusive)
(42 U.S.C. §12101, *et seq.*)

37.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 36 of this complaint.

38.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

39.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

40.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

...

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment;

42 U.S.C. §12181(7)(E)(F)

41.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

42.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

43.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of BAYPORT MARINA PLAZA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

44.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendant under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendant to remove each of such barriers, defendant has failed to make the required services available through alternative methods which were readily achievable.

45.     On information and belief, construction work on, and modifications of, the subject building(s) of BAYPORT MARINA PLAZA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

46.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

47.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or about March 20, 2007, but on information and belief, alleges that defendant has continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

48.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant BAYPORT MARINA PLAZA LLC, a limited liability company, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

49.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this complaint.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

50.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

51.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

52.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

53.     Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' BAYPORT MARINA PLAZA. As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on

which they visited or have been deterred from visiting the BAYPORT MARINA PLAZA because of their knowledge and belief that the Commercial Building is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

54.    On or about March 20, 2007, plaintiff PATRICK CONNALLY suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff PATRICK CONNALLY was denied access to the signage, parking, path of travel, men's restrooms, women's restrooms and other public facilities as stated herein at the BAYPORT MARINA PLAZA and on the basis that plaintiff PATRICK CONNALLY was a person with physical disabilities.

55.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff PATRICK CONNALLY suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendant negligence in the design, construction and maintenance of the existing stall of the subject men's restroom, plaintiff PATRICK CONNALLY suffered continuous, repetitive and cumulative trauma to his extremities while attempting to utilize said stall).  Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1   all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act

2   constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity

3   that represents persons with physical disabilities and unable, because of the architectural barriers

4   created and maintained by the defendants in violation of the subject laws, to use the public

5   facilities hereinabove described on a full and equal basis as other persons.

6        56.    Plaintiffs have been damaged by defendants', and each of their, wrongful

7   conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for

8   violation of plaintiffs' rights as persons or an entity that represents persons with physical

9   disabilities on or about March 20, 2007, and on a continuing basis since then, including statutory

10  damages, a trebling of all of actual damages, general and special damages available pursuant to

11  §54.3 of the Civil Code according to proof.

12       57.    As a result of defendants', and each of their, acts and omissions in this regard,

13  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

14  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

15  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

16  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

17  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

18  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

19  plaintiffs, but also to compel the defendant to make their facilities accessible to all members of

20  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

21  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
3         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET.
          SEO.***
4         (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
          ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
5         California public benefit corporation and Against Defendant BAYPORT MARINA
          PLAZA LLC, a limited liability company, inclusive)
6         (Health & Safety Code §19955, *et seq.*)

7         58.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

8    the allegations contained in paragraphs 1 through 57 of this complaint.

9         59.    Health & Safety Code §19955 provides in pertinent part:

10        The purpose of this part is to insure that public accommodations or
          facilities constructed in this state with private funds adhere to the
11        provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
          of Title 1 of the Government Code. For the purposes of this part
12        "public accommodation or facilities" means a building, structure,
          facility, complex, or improved area which is used by the general
13        public and shall include auditoriums, hospitals, theaters, restaurants,
          hotels, motels, stadiums, and convention centers. When sanitary
14        facilities are made available for the public, clients or employees in
          such accommodations or facilities, they shall be made available for
15        the handicapped.

16        60.    Health & Safety Code §19956, which appears in the same chapter as §19955,

17   provides in pertinent part, "accommodations constructed in this state shall conform to the

18   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

19   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

20   public accommodations constructed or altered after that date. On information and belief,

21   portions of the BAYPORT MARINA PLAZA and/or of the building(s) were constructed and/or

22   altered after July 1, 1970, and substantial portions of the Commercial Building and/or the

23   building(s) had alterations, structural repairs, and/or additions made to such public

24   accommodations after July 1, 1970, thereby requiring said Commercial Building and/or building

25   to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon

26   such alteration, structural repairs or additions per Health & Safety Code §19959.

27        61.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the

28   State Architect promulgated regulations for the enforcement of these provisions. Effective July

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the BAYPORT MARINA PLAZA and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

62. Commercial Buildings such as the BAYPORT MARINA PLAZA are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

63. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

64. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

1

65.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

2

them, to make the subject place of public accommodation readily accessible to and usable by

3

persons with disabilities.

4

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

5

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendant BAYPORT MARINA
PLAZA LLC, a limited liability company, inclusive)
(Civil Code §51, 51.5)

6

7

8

9

10

66.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

11

the allegations contained in paragraphs 1 through 65 of this complaint.

12

67.     Defendants' actions and omissions and failure to act as a reasonable and

13

prudent public accommodation in identifying, removing and/or creating architectural barriers,

14

policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.

15

The Unruh Act provides:

16

This section shall be known, and may be cited, as the Unruh Civil
Rights Act.

17

18

All persons within the jurisdiction of this state are free and equal, and
no matter what their sex, race, color, religion, ancestry, national origin, or
**disability** are entitled to the full and equal accommodations, advantages,
facilities, privileges, or services in all business establishments of every kind
whatsoever.

19

20

21

This section shall not be construed to confer any right or privilege on
a person that is conditioned or limited by law or that is applicable alike to
persons of every sex, color, race, religion, ancestry, national origin, or
**disability.**

22

23

Nothing in this section shall be construed to require any construction,
alteration, repair, structural or otherwise, or modification of any sort
whatsoever, beyond that construction, alteration, repair, or modification that
is otherwise required by other provisions of law, to any new or existing
establishment, facility, building, improvement, or any other structure . . . nor
shall anything in this section be construed to augment, restrict, or alter in any
way the authority of the State Architect to require construction, alteration,
repair, or modifications that the State Architect otherwise possesses pursuant
to other . . . laws.

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1           A violation of the right of any individual under the Americans with
2    Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
     violation of this section.

3    As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4    "intent" of the defendant in not complying with barrier removal is not an issue. Hence, the

5    failure on the parts of defendant, as reasonable and prudent public accommodations, in acting or

6    failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7    defendants, and each of them.

8         68.    The acts and omissions of defendant stated herein are discriminatory in nature

9    and in violation of Civil Code §51.5:

10          No business establishment of any kind whatsoever shall discriminate
     against, boycott or blacklist, refuse to buy from, sell to, or trade with any
11   person in this state because of the race, creed, religion, color, national origin,
     sex, or **disability** of the person or of the person's partners, members,
12   stockholders, directors, officers, managers, superintendents, agents,
     employees, business associates, suppliers, or customers.
13
            As used in this section, "person" includes any person, firm
14   association, organization, partnership, business trust, corporation, limited
     liability company, or company.
15
            Nothing in this section shall be construed to require any construction,
16   alteration, repair, structural or otherwise, or modification of any sort
     whatsoever, beyond that construction, alteration, repair or modification that
17   is otherwise required by other provisions of law, to any new or existing
     establishment, facility, building, improvement, or any other structure . . . nor
18   shall anything in this section be construed to augment, restrict or alter in any
     way the authority of the State Architect to require construction, alteration,
19   repair, or modifications that the State Architect otherwise possesses pursuant
     to other laws.
20
21        69.    Defendants' acts and omissions as specified have denied to plaintiffs full and

22   equal accommodations, advantages, facilities, privileges and services in a business establishment,

23   on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

24   Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

25   violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

26   Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate

27   the entirety of their above cause of action for violation of the Americans with Disabilities Act at

28   §37, *et seq.*, as if repled herein.

1    70.    As a legal result of the violation of plaintiff PATRICK CONNALLY's civil

2  rights as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages,

3  bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and

4  attempting to and/or transferring up, on, down, to, over, around and through architectural

5  barriers. Specifically, as a legal result of defendants negligence in the design, construction and

6  maintenance of the existing men's stall in failing to remove one partition and enlarge the stall

7  itself, plaintiff PATRICK CONNALLY suffered continuous, repetitive and cumulative trauma to

8  his extremities while attempting to use the water closet and close the door). Further, plaintiff

9  PATRICK CONNALLY suffered emotional distress (all to plaintiff's damage according to proof,

10  and incurred reasonable attorneys' fees and costs). Plaintiffs PATRICK CONNALLY and

11  DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of

12  actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as

13  well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if

14  deemed to be the prevailing party.

15  **PRAYER:**

16        Plaintiffs pray that this court award damages and provide relief as follows:

17  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
18      **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
19      ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
        California public benefit corporation, and Against Defendant BAYPORT MARINA
20      PLAZA LLC, a limited liability company, inclusive)
        (42 U.S.C. §12101, *et seq.*)
21
22        1.    For injunctive relief, compelling defendant BAYPORT MARINA PLAZA

23  LLC, inclusive, to make the BAYPORT MARINA PLAZA, located at 643 Bair Island Road,

24  Suite 400, Redwood City, California, readily accessible to and usable by individuals with

25  disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

26  practice, eligibility criteria and procedures so as to afford full access to the goods, services,

27  facilities, privileges, advantages and accommodations being offered.

28

1    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

2    the prevailing party; and

3    3.    For such other and further relief as the court may deem proper.

4  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

5  **AND 54.3, *ET SEQ.***
        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS

6    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
        California public benefit corporation, and Against Defendant BAYPORT MARINA

7    PLAZA LLC, a limited liability company, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8
9    1.    For injunctive relief, compelling defendant BAYPORT MARINA PLAZA

10   LLC, inclusive, to make the BAYPORT MARINA PLAZA, located at 643 Bair Island Road,

11   Suite 400, Redwood City, California, readily accessible to and usable by individuals with

12   disabilities, per state law.

13   2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and

14   for each occasion on which plaintiffs were deterred from returning to the subject public

15   accommodation.

16   3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

17   Procedure §1021.5, if plaintiffs are deemed the prevailing party;

18   4.    Treble damages pursuant to Civil Code §54.3;

19   5.    For all costs of suit;

20   6.    Prejudgment interest pursuant to Civil Code §3291;

21   7.    Such other and further relief as the court may deem just and proper.

  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

22  **AND 54.3, *ET SEQ.***
        (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendant BAYPORT

23   MARINA PLAZA LLC, a limited liability company, inclusive),
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

24
25   1.    General and compensatory damages according to proof.

26
27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

IV.   **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant BAYPORT MARINA PLAZA LLC, a limited liability company, inclusive)
(Health & Safety code §19955, *et seq.*)

1.   For injunctive relief, compelling defendant BAYPORT MARINA PLAZA LLC, inclusive, to make the BAYPORT MARINA PLAZA, located at 643 Bair Island Road, Suite 400, Redwood City, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.   For all costs of suit;

4.   For prejudgment interest pursuant to Civil Code §3291;

5.   Such other and further relief as the court may deem just and proper.

V.   **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant BAYPORT MARINA PLAZA LLC, a limited liability company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.   Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.   Treble damages pursuant to Civil Code §52(a);

4.   For all costs of suit;

5.   Prejudgment interest pursuant to Civil Code §3291; and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Such other and further relief as the court may deem just and proper.

2  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
      **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
3      **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
      **CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
4      (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendant BAYPORT
      MARINA PLAZA LLC, a limited liability company, inclusive)
5      (California Civil Code §§51, 51.5, *et seq.*)

6    1.    General and compensatory damages to plaintiff PATRICK CONNALLY

7  according to proof.

8

9  Dated: _5/23/07_ , 2007        THOMAS E. FRANKOVICH
                                    *A PROFESSIONAL LAW CORPORATION*
10

11

12                        By: _____
                            THOMAS E. FRANKOVICH
                            Attorneys for Plaintiffs PATRICK CONNALLY and
13                            DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                            SERVICES:HELPING YOU HELP OTHERS, a California
14                            public benefit corporation

15

16                        **DEMAND FOR JURY TRIAL**

    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
17
  Dated: _5/23/07_ , 2007        THOMAS E. FRANKOVICH
18                                    *A PROFESSIONAL LAW CORPORATION*

19

20                        By: _____
                            THOMAS E. FRANKOVICH
21                            Attorneys for Plaintiffs PATRICK CONNALLY and
                            DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
22                            SERVICES:HELPING YOU HELP OTHERS, a California
                            public benefit corporation
23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES