**JOHN R. CAMPO, ESQ., SBN 157137**
**BRANSON, BRINKOP, GRIFFITH & STRONG, LLP**
643 Bair Island Road, Suite 400
Redwood City, CA 94063
Telephone:    (650) 365-7710
Facsimile:    (650) 365-7981

Attorneys for Defendant
**BAYPORT MARINA PLAZA LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>BAYPORT MARINA PLAZA LLC, a limited liability company,<br><br>Defendant. | Case No:   C-07-3032-BZ<br><br>**ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**Magistrate Judge Bernard Zimmerman** |

COMES NOW Defendant BAYPORT MARINA PLAZA LLC ("Defendant") in answer to the Complaint of Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES"), as follows:

1.    With respect to Paragraph 1 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

2.    With respect to Paragraph 2 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the

1

ANSWER TO COMPLAINT – C-07-3032-BZ

averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. However, based upon that information currently available, Defendant admits that Plaintiff PATRICK CONNALLY attended a mediation on or about March 20, 2007, which took place at the BAYPORT MARINA PLAZA ("Subject Property"), located at or near 643 Bair Island Road, Suite 400, Redwood City, CA 94063. Defendant further admits that at least part of the Subject Property qualifies as a public accommodation and/or public facility. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

    3.    With respect to Paragraph 3 of the Complaint, Defendant admits that this Court has federal jurisdiction of this action regarding the alleged violation of the ADA. Any and all other allegations that may be contained in this paragraph are denied.

    4.    With respect to Paragraph 4 of the Complaint, Defendant admits the allegation of this paragraph.

    5.    With respect to Paragraph 5 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

    6.    With respect to Paragraph 6 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

    7.    With respect to Paragraph 7 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the

ANSWER TO COMPLAINT – C-07-3032-BZ

averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. However, based upon that information currently available, Defendant admits that Plaintiff PATRICK CONNALLY attended a mediation on or about March 20, 2007, which took place at the Subject Property.

8. With respect to Paragraph 8 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. However, based upon that information currently available, Defendant admits that at least part of the Subject Property qualifies as a public accommodation and/or public facility. Defendant admits that it is the "owner and operator, lessor and/or lessees, or agent of the owner, lessor and/or/ lessees, or agents of the owners, lessors and /or lessees" of the Subject Property.

9. With respect to Paragraph 9 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. However, based upon that information currently available, Defendant admits that at least part of the Subject Property qualifies as a public accommodation and/or public facility. Defendant admits that it is the "owner and operator, lessor and/or lessees, or agent of the owner, lessor and/or/ lessees, or agents of the owners, lessors and /or lessees" of the Subject Property.

10. With respect to Paragraph 10 of the Complaint, Defendant denies this paragraph as phrased.

11. With respect to Paragraph 11 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth

ANSWER TO COMPLAINT – C-07-3032-BZ

1  material factual allegations, but rather argument. As such, the averments of this paragraph are
2  denied. However, based upon that information currently available, Defendant admits that at least
3  part of the Subject Property qualifies as a public accommodation and/or public facility.

4      12.    With respect to Paragraph 12 of the Complaint, Defendant is unable to admit or
5  deny the averments set forth in this paragraph as it lacks sufficient information to allow the
6  averments to be admitted or denied, and the averments set forth in this paragraph do not set forth
7  material factual allegations, but rather argument. As such, the averments of this paragraph are
8  denied.

9      13.    With respect to Paragraph 13 of the Complaint, Defendant is unable to admit or
10 deny the averments set forth in this paragraph as it lacks sufficient information to allow the
11 averments to be admitted or denied, and the averments set forth in this paragraph do not set forth
12 material factual allegations, but rather argument. As such, the averments of this paragraph are
13 denied. Defendant has, at all relevant times, believed that the Subject Property is handicap
14 accessible. Defendant is currently evaluating whether there are any genuine accessibility issues
15 at the Subject Property.

16     14.    With respect to Paragraph 14 of the Complaint, Defendant is unable to admit or
17 deny the averments set forth in this paragraph as it lacks sufficient information to allow the
18 averments to be admitted or denied, and the averments set forth in this paragraph do not set forth
19 material factual allegations, but rather argument. As such, the averments of this paragraph are
20 denied. However, Defendant admits that Plaintiff PATRICK CONNALLY attended a mediation
21 on or about March 20, 2007, which took place at the Subject Property.

22     15.    With respect to Paragraph 15 of the Complaint, Defendant is unable to admit or
23 deny the averments set forth in this paragraph as it lacks sufficient information to allow the
24 averments to be admitted or denied, and the averments set forth in this paragraph do not set forth
25 material factual allegations, but rather argument. As such, the averments of this paragraph are
26 denied.

BRANSON BRINKOP GRIFFITH & STRONG LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

16. With respect to Paragraph 16 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

17. With respect to Paragraph 17 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

18. With respect to Paragraph 18 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

19. With respect to Paragraph 19 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

20. With respect to Paragraph 20 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

21. With respect to Paragraph 21 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

22. With respect to Paragraph 22 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

23. With respect to Paragraph 23 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

24. With respect to Paragraph 24 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

BRANSON BRINKOP GRIFFITH & STRONG LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

25. With respect to Paragraph 25 of the Complaint, Plaintiffs have failed to include any allegations in this paragraph.

26. With respect to Paragraph 26 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

27. With respect to Paragraph 27 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

28. With respect to Paragraph 28 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

29. With respect to Paragraph 29 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth

BRANSON BRINKOP GRIFFITH & STRONG LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

30. With respect to Paragraph 30 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant specifically denies the allegation that Plaintiff PATRICK CONNALLY has any intention of ever returning to the Subject Property in the future.

31. With respect to Paragraph 31 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

32. With respect to Paragraph 32 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

33. With respect to Paragraph 33 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant specifically denies the allegations of actual or implied malice toward Plaintiffs, and denies the allegation of despicable conduct carried out with a willful and

ANSWER TO COMPLAINT – C-07-3032-BZ

conscious disregard for the rights and safety of plaintiffs and other similarly situated persons. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

34. With respect to Paragraph 34 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

35. With respect to Paragraph 35 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant specifically denies the allegations of any conscious disregard for the rights of plaintiffs and other persons with physical disabilities. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

36. With respect to Paragraph 36 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant specifically denies the allegation that Plaintiff PATRICK CONNALLY has any intention of ever returning to the Subject Property in the future.

BRANSON BRINKOP GRIFFITH & STRONG LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

9

ANSWER TO COMPLAINT – C-07-3032-BZ

37. With respect to Paragraph 37 of the Complaint, In as much as this paragraph re-pleads all allegations contained in paragraphs 1 through 36 of the Complaint, responding party answers this Complaint by incorporating by this reference its specific response to each of the referenced paragraphs.

38. With respect to Paragraph 38 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

39. With respect to Paragraph 39 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

40. With respect to Paragraph 40 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

41. With respect to Paragraph 41 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

42. With respect to Paragraph 42 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

43. With respect to Paragraph 43 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the

ANSWER TO COMPLAINT – C-07-3032-BZ

averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

44. With respect to Paragraph 44 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

45. With respect to Paragraph 45 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

46. With respect to Paragraph 46 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

47. With respect to Paragraph 47 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property. Defendant specifically denies the allegation that Plaintiff PATRICK CONNALLY has any intention of ever returning to the Subject Property in the future.

48. With respect to Paragraph 48 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property. Defendant specifically denies the allegation that Plaintiff PATRICK CONNALLY has any intention of ever returning to the Subject Property in the future.

49. With respect to Paragraph 49 of the Complaint, In as much as this paragraph re-pleads all allegations contained in paragraphs 1 through 48 of the Complaint, responding party answers this complaint by incorporating by this reference its specific response to each of the referenced paragraphs.

50. With respect to Paragraph 50 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

51. With respect to Paragraph 51 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

52. With respect to Paragraph 52 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

53. With respect to Paragraph 53 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the

ANSWER TO COMPLAINT – C-07-3032-BZ

averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

54. With respect to Paragraph 54 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

55. With respect to Paragraph 55 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

56. With respect to Paragraph 56 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

57. With respect to Paragraph 57 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

ANSWER TO COMPLAINT – C-07-3032-BZ

58. With respect to Paragraph 58 of the Complaint, In as much as this paragraph re-pleads all allegations contained in paragraphs 1 through 57 of the Complaint, responding party answers this Complaint by incorporating by this reference its specific response to each of the referenced paragraphs.

59. With respect to Paragraph 59 of the Complaint, The allegations set forth in this paragraph do not purport to identify any fact within the knowledge responding party that could be either admitted or denied. Rather, the averments of this paragraph are merely legal arguments to which responding party can neither admit nor deny.

60. With respect to Paragraph 60 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

61. With respect to Paragraph 61 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

62. With respect to Paragraph 62 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. However, based upon that information currently available, Defendant admits that at least part of the Subject Property qualifies as a public accommodation and/or public facility.

63. With respect to Paragraph 63 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the

ANSWER TO COMPLAINT – C-07-3032-BZ

averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

64. With respect to Paragraph 64 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

65. With respect to Paragraph 65 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

66. With respect to Paragraph 66 of the Complaint, In as much as this paragraph re-pleads all allegations contained in paragraphs 1 through 65 of the Complaint, responding party answers this Complaint by incorporating by this reference its specific response to each of the referenced paragraphs.

67. With respect to Paragraph 67 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied. Defendant has, at all relevant times, believed that the Subject Property is handicap accessible. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property.

68. With respect to Paragraph 68 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the

ANSWER TO COMPLAINT – C-07-3032-BZ

averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

69.  With respect to Paragraph 69 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. As such, the averments of this paragraph are denied.

70.  With respect to Paragraph 70 of the Complaint, Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' Complaint and each cause of action therein is barred and/or limited on the ground that plaintiffs failed to provide notice to Defendant and an opportunity to cure any deficiencies, if any there were.

2.  The accommodations, many of which are unspecified in Plaintiffs' Complaint, are not readily achievable by Defendant.

3.  Plaintiffs have failed to state facts sufficient to constitute any cause of action against Defendant.

4.  Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to entitle Plaintiffs to an award of damages.

5.  Plaintiffs' Complaint, and each cause of action therein, is barred by the equitable doctrine of unclean hands.

6.  Plaintiffs and their counsel have engaged in a pattern of unethical behavior designed ultimately to extort money from businesses and their insurers.

7.  Plaintiffs' Complaint was filed for an improper purpose.

8.  Plaintiffs' Complaint was filed with the intent to harrass.

9. Plaintiffs are guilty of unfair business and deceptive trade practices.

10. California Health and Safety Code §19955 does not provide for a private cause of action by Plaintiffs, nor does it provide for any damages or relief as requested by Plaintiffs in their Complaint.

11. Plaintiffs' Complaint fails to state facts sufficient to establish that Plaintiff PATRICK CONNALLY has standing to bring the present action for injunctive relief claimed therein.

12. Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to entitle Plaintiffs to an award of damages.

13. Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to entitle Plaintiffs to an award of treble damages, exemplary damages, or punitive damages.

14. Plaintiffs are not entitled to punitive damages as a matter of law because the award of such damages violates Defendant's rights of due process as set forth in the 14th Amendment to the United States Constitution and/or Article I, Section 7(a) of the Constitution of the State of California, in that the statute authorizing punitive damage fails to set standards to guide the trier of fact in determining the type of conduct subject to punitive damages or the amount of punishment to be handed out for particular conduct.

15. Plaintiffs are not entitled to punitive damages as a matter of law because the award of such damages constitutes an excessive fine prohibited by the Excessive Fines Clause in the 8th Amendment to the United States Constitution and/or Article 1, Section 17 of the Constitution of the State of California.

16. Plaintiffs are not entitled to punitive damages as a matter of law because the award of such damages violates Defendant's right to Equal Protection of the law under the 14th Amendment of the United States Constitution and/or Article I, Section (a) of the Constitution of

ANSWER TO COMPLAINT – C-07-3032-BZ

the State of California, in that, as applied, an award of punitive damages in this case would disproportionately penalize Defendant and not others for the same offense.

17. Plaintiffs' Complaint and each cause of action therein is barred by mootness.

18. Plaintiffs' state law causes of action are barred by a lack of supplemental jurisdiction.

19. Plaintiffs' Complaint fails to state facts sufficient to establish that Plaintiff DREES has standing to bring the present lawsuit and the relief claimed therein. Defendant contends that DREES exists as a tool to lend an "aura of legitimacy" to predatory litigation, as part of a strategy to prompt settlement.

20. Defendant has not had sufficient time to review all documents and factual circumstances which relate to this matter in order to ascertain every potential affirmative defense available to it. Therefore, Defendant reserves the right to add additional affirmative defenses or amend those already asserted as additional facts and information become known.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by their Complaint, for costs of suit herein, and for such other and further relief as the Court may deem reasonable and proper.

Dated: August 27, 2007     BRANSON, BRINKOP, GRIFFITH & STRONG

By: _____
JOHN R. CAMPO
Attorneys for Above-Named Defendant

**DEMAND FOR JURY TRIAL**

Defendant BAYPORT MARINA PLAZA LLC hereby requests a trial by jury.

Dated: August 27, 2007     BRANSON, BRINKOP, GRIFFITH & STRONG

By: _____
JOHN R. CAMPO
Attorneys for Above-Named Defendant

ANSWER TO COMPLAINT – C-07-3032-BZ