**JOHN R. CAMPO, ESQ., SBN** 157137
BRANSON, BRINKOP, **GRIFFITH** & STRONG, **LLP**
643 Bair Island Road, Suite 400
Redwood City, CA 94063
Telephone: (650) 365-7710
Facsimile: (650) 365-7981

Attorneys for Defendant
**BAYPORT** MARINA **PLAZA** LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Connally, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>BAYPORT MARINA PLAZA LLC, a limited liability company,<br><br>Defendant. | Case No.'C-07-3032-BZ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(1)**<br><br>Date:      October 17, 2007<br>Time:      10:00 a.m.<br>Courtroom: G<br>Judge:     Bernard Zimmerman<br><br>[Complaint Bled June 12, 2007] |

I.

**INTRODUCTION**

This Motion asks the Court to dismiss Plaintiffs' Second Cause of Action (for violation of California Civil Code §§54, 54.1 and 54.3), Third Cause of Action (for violation of California Health & Safety Code § 19955, *et seq.),* and Fourth Cause of action (for violation of California Civil Code §51, *et seq.)* (collectively referred to as "State Law Claims") for lack of supplemental jurisdiction, pursuant to 28 U.S.C. §1367(c)(1), (2) and (4). The Motion is based upon published trial court decisions in three similar cases: *(1) Molski v. Mandarin Touch Restaurant,* 347 F.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(1) - C-07-3032-BZ

Supp. 2d 860 (C.D. Cal. 2004) *("Molski"); (2) Molski v. Mandarin Touch Restaurant* and *Jankey, et al. v. Yang Chow Restaurant Pasadena, et al.,* 359 F. Supp.2d 924 (C.D. Cal. 2005) *("Molski/Jankey");* and *(3) Molski v. Kahn Winery, et al.,* 381 F. Supp.2d 1209 (C.D. Cal. 2005) *("Kahn Winery")* as well as other recent <u>unpublished</u> decisions by District Court judges. Based on the reasoning of the above decisions, this Court should decline to exercise supplemental jurisdiction because 1) the State Law Claims raise novel issues of state law, 2) the State Law Claims "substantially predominate" over Plaintiffs' ADA claim, and 3) the Plaintiffs are engaging in forum shopping. By asking this court to take judicial notice of the unpublished decisions, defendant does not imply that this court is bound by these decisions. Rather, those unpublished trial court decisions simply show the number of times that this identical issue is raised and resolved with regard to the identical claims being made by plaintiffs and their counsel here.

The instant case and the above-mentioned cases are part of a flood of litigation filed in California District Courts by certain disabled "serial plaintiffs," including Jarek Molski, Les Jankey and the instant Plaintiff, Patrick Connally, regarding alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 (1995), and the related State Law Claims. *See Molski/Jankey,* 359 F. Supp.2d at 926. Over the past few years, California District Courts have closely scrutinized these ADA lawsuits and raised serious questions about the propriety of the instant litigation. *See, e.g., Doran v. Del Taco, Inc.,* 373 F. Supp. 2d 1028, 1030-1031 (C.D. Cal. 2005) (Discussing the criticism of recent ADA litigation); and *Molski/Jankey,* 359 F. Supp. 2d at 926-927, 934, 937 (Stating that cases filed by said "serial plaintiffs" border on "extortionate shysterism"). In scrutinizing these cases, many of the District Courts have found that the State Law Claims should be dismissed for lack of supplemental jurisdiction in federal court, pursuant to 28 U.S.C. 1367(c)(1),(2) and (4).

\\\

\\\

2

II.

**FACTUAL ALLEGATIONS** AND **BACKGROUND**

On August 8, 2007, Defendant BAYPORT MARINA PLAZA LLC ("Defendant") was served with the instant Complaint. The 26-page Complaint was filed on behalf of Plaintiffs PATRICK CONNALLY ("Connally") and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES"), an organization that has frequently teamed up with the aforementioned serial plaintiffs in the recent flood of ADA cases. *See Molski/Jankey,* 359 F. Supp. 2d at 925 (stating that "DREES is added as a plaintiff to lend an aura of legitimacy to this predatory litigation as part of the strategy to encourage settlement").  Connally's attorney is Thomas Frankovich. Frankovich and his firm have developed what the Courts have referred to as a "cottage industry" in ADA litigation and "an ongoing scheme to bilk attorney's fees." *See, e.g. Molski,* 347 F. Supp. 2d at 863 (quoting *Rodriguez v. Investco, LLC,* 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004)). The Court in *Molski* even entered a vexatious litigant order, requiring the Frankovich firm to get permission from a federal judge before the clerk will accept an ADA complaint for filing. *Id.*

The instant Complaint alleges that the Bayport Marina Plaza ("Subject Property") is "a commercial building, located at/near 643 Bair Island Road, Suite 400, Redwood City, California." *Complaint* at ¶11.  As is evident from the caption of this pleading, the law office of Branson, Brinkop, Griffith & Strong ("Defense Counsel") is located at 643 Bair Island Road, Suite 400. As such, <u>Defense Counsel's law office is actually the Subject Property of this action.</u>

The Complaint alleges that on March 20, 2007, Connally was an invitee and guest at the Subject Property, "for purposes of conducting person affairs[sic]."  *Complaint* at ¶14. Ironically, Connally's <u>sole purpose for being at the Subject Property was to attend a mediation regarding a recent ADA-related case</u> that Connally had filed against another client of Defense Counsel.  *See Complaint* at ¶18. Even more ironically, Connally could not attend the mediation at Frankovich's office, because it is not wheelchair accessible. Defense Counsel graciously offered

3

1  to hold the mediation at the Subject Property, and in turn, Connally gratefully filed the instant
2  lawsuit.
3      The instant Complaint follows the similar pattern of "cookie-cutter" ADA cases filed by
4  Frankovich on behalf of his team of serial plaintiffs (Molski, Jansky, Connally, etc.). In
5  *Molski/Jankey,* the Court concluded that the "claimed physical injuries" in Molski's numerous
6  complaints were "canned" and "contrived in order to implicate the defendants' insurance
7  policies." 359 F. Supp. 2d at 930. The Court based this conclusion on the rate of physical injury,
8  noting that <u>all of the ADA Complaints filed in 2004 by Frankovich's clients alleged a physical</u>
9  <u>injury</u>:

10
11      In 2004, The Frankovich Group filed at least 223 lawsuits in the United States District Courts for the Northern and Central Districts of California, of which approximately one-third targeted ethnic restaurants-Asian and Mexican -- perhaps because such establishments are seen as easy prey for coercive claims. Of those lawsuits, 156 (or 70%) were filed on behalf of Jarek Molski. Another 40 lawsuits (or 18%) were filed on behalf of either Les Jankey or Patrick Connally, the President of DREES and himself a serial plaintiff, having filed 19 suits in 2004. DREES appeared as a co-plaintiff in each of the 223 suits.

17      The 223 separate complaints are almost identical. Each of the 223 complaints alleges the same five causes of action: a federal ADA claim, and the same four claims under California state law. n3 The damages requested are also identical. Indeed, other than superficial alteration of the facts and names, the complaints are textually identical, often down to the typos.

21      n3 Those claims are 1) Violation of *California Civil Code § 54, et seq.,* The California Disabled Persons Act ("CDPA"); 2) Violation of *California Health & Safety Code § 19955, et seq.,* Denial of Accessible Sanitary Facilities; 3) Violation of *California Civil Code § 51, et seq.,* The Unruh Civil Rights Act; and 4) Violation of *California Business & Professions Code § 17200, et seq.,* Unfair Business Practices.

25      A prominent common thread among the complaints is the allegation of physical injuries. <u>In each and every complaint, Frankovich Group clients claim to suffer a bodily injury as a result of encountering an architectural barrier.</u>

28  *Id.* at 926-27 (emphasis added).

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(1) - C-07-3032-BZ

The *Molski/Jankey* Court stated that Frankovich's clients regularly waited "up to one year before filing their claims, during which time the requested daily damages" of $ 4,000 continued to accumulate. *Id.* at 933. The Court stated that the obvious intent of this tactic was to use a large damage figure to intimidate a small business without representation to enter into a quick settlement. *Id.* The Court concluded that the unusual number of settlements of cases filed by Frankovich's clients, when coupled with the "aggressive" and "unethical" manner in which they were pursued, were "indicative of an extortion scheme." *Id.*

Like the "canned" complaints described in *Molski/Jankey,* the instant Complaint alleges that during Connally's stay at the Subject Property, he "suffered continuous, repetitive and cumulative trauma to his extremities while attempting to use the stall and toilet therein." *Complaint* at ¶ 26. The Complaint alleges a single ADA claim for violation of 42 USC §12101, *et seq.* as well as the three State Law Claims, seeking potentially huge statutory damages (allegedly accumulating on a daily basis since March 20, 2007), compensatory damages, and punitive damages pursuant to said State Law Claims. The issue of whether the statutory damages accrue on a daily basis is an <u>undecided issue of California state law.</u> Moreover, given the disparity in remedial measures, <u>the State Law Claims,</u> which provide the primary threatening trust of the Complaint, <u>substantially predominate over the federal ADA claim.</u>

Defendant asks this Court to apply the reasoning of previous California District Courts, detailed below, which have concluded that the State Law Claims, alleged in each of said "canned" complaints (including the instant Complaint), should be denied supplemental jurisdiction.

\\\
\\\
\\\
\\\
\\\

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(I) - C-07-3032-BZ

# III.

# ARGUMENT

## A. The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claims.

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 275, 277 (1998). The Courts may dismiss actions for lack of jurisdiction on their own motion or by motion of a party under Federal Rule of Civil Procedure 12(b)(1).

Federal Courts may decline to exercise supplemental jurisdiction over claims in the following circumstances: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the District Court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c).

In both *Moiski/Jankey, supra,* and *Kahn Winery, supra,* the DistrictCourts declined to exercise supplemental jurisdiction over the same State Law Claims. Recently, at least three other District judges, in three separate cases brought by Frankovich and his team of serial plaintiffs (each alleging the same "canned" causes of action), have come to the same conclusion regarding said State Law Claims. *See, Molski v. Hitching Post I Restaurant, Inc.,* No. CV 04-1077 SVW (RNBx), 2005 WL 3952248 (C.D. Cal., entered May 25, 2005); *Molski v. EOS Estate Winery,* No. CV 03-5880-GAF, 2005 WL 3952249 (C.D. Cal., entered July 15, 2005); *Jankey v. Beach Hut,* No. CV 05-3856 SVW (JTLx), 2005 WL 5517235 (C.D. Cal., entered December 7, 2005). *See* Request for Judicial Notice, Exhibits A-C, for copies of these three cases. Applying the same logic as the above referenced trial courts, this Court should decline to exercise supplemental jurisdiction based on the following reasons:

\\\

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(1)- C-07-3032-BZ

### 1. **Novel Issues of State Law**

The State Law Claims under which the Plaintiffs sue for damages have not been widely interpreted, and as such, raise novel and complex issues of state law. Particularly, there is no definitive decision from the California courts with regard to daily damages. Plaintiffs' Complaint alleges in pertinent part:

> Plaintiffs seek damages for violation of their civil rights on March 20, 2007 and they seek statutory damages of not less than $4000, pursuant to Civil Code §52 and $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff PATRICK CONNALLY was deterred from returning to the BAYPORT MARINA PLAZA because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

*Complaint* at ¶30.

The remedial provisions pertaining of the Unruh Act (California Civil Code §51, *et seq.*) and the California Disabled Persons Act ("CDPA") (California Civil Code §54, *et seq.*) are unclear. Specifically, with regard to daily damages, the phrases "for each and every offense" and "for each offense" are ambiguous. Indeed, two district courts which have grappled with this language have come to opposing conclusions.

In *Botosan v. Fitzhugh,* 13 F. Supp. 2d 1047, 1051-52 (S.D. Cal. 1998), the Court held that the phrases "for each and every offense" and "for each offense" authorize an award of daily damages for each day the Plaintiff is deterred from visiting the Defendant's facility (i.e., an award of $1,000 or $4,000 per day from the date of the Plaintiffs initial visit until the date the facility is brought into compliance). By contrast, the Court in *Doran v. Embassy Suites Hotel,* 2002 WL 1968166, at 4-6 (N.D. Cal. Aug. 26, 2002), found that daily damages are not available under the Unruh Act and the CDPA. *See Molski/Jankey,* 359 F. Supp.2d at 936. There is currently no California state court case resolving the conflict between these two cases. Ultimately, this is a matter of California state law, which is better left to the California courts to decide. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity.").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(1) - C-07-3032-BZ

1   Several District Courts in California have recently found the meaning of this statutory
2   language to be sufficiently unsettled as to merit declining supplemental jurisdiction. *See*
3   *Molski/Jankey,* 359, F. Supp. 2d at 936-37; *Kahn Winery,* 381 F. Supp. 2d at 1210; *EOS Estate*
4   *Winery,* 2005 WL 3952249 at *3; Hitching Post I,* 2005 WL 3952248 at 6; and *Beach Hut,* 2005
5   WL 5517235 at 3-4. Thus, because the State Law Claims raise novel issues of state law, this
6   Court should decline to exercise supplemental jurisdiction over these claims under § 1367(c)(1).

### 2. State Law Claims "Substantially Predominate" Over Federal Law Claim.

As stated above, the State Law Claims for damages "substantially predominate" over the ADA claim for injunctive relief, seeking potentially huge statutory, compensatory, and punitive damages. In *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966), the Supreme Court indicated that state issues may substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought . . . ." While *Gibbs is* a pre-28 U.S.C. § 1367 case, the Ninth Circuit has indicated that the § 1367(c) inquiry should be informed by *Gibbs. Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997). Judged in terms of the *Gibbs* criteria, Plaintiffs' state law claims substantially predominate over the ADA claim. Although the burdens of proof and standards of liability under the ADA and the Unruh Act are identical where the Plaintiff predicates his Unruh Act claim on an ADA violation, the statutory damages available to the Plaintiff under the Unruh Act substantially predominate over the relief available under the ADA. Under the per violation standard, Plaintiffs allege that they can recover a minimum of $4,000 per violation. By contrast, Plaintiffs are entitled to only injunctive relief and attorneys' fees under the ADA.

Moreover, interpreting the phrases "for each and every offense" and "for each offense" in the Unruh Act and the CDPA would likely consume far more of the Court's time and resources than a trial on the merits of Plaintiffs' ADA claim alone. For this reason, too, Plaintiffs' state claims substantially predominate over his ADA claim.

28

8

Several District Courts in California have previously found that the State Law Claims alleged by Plaintiffs substantially predominate over the ADA claim. *See Molski/Jankey,* 359, F. Supp. 2d at 936-37; *Kahn Winery,* 381 F. Supp. 2d at 1210-11; *EOS Estate Winery,* 2005 WL 3952249 at *3; Hitching Post I,* 2005 WL 3952248 at 6-7; and *Beach Hut,* 2005 WL 5517235 at 4.

For example, the *Molski/Jankey* court concluded in pertinent part: "All but one of the claims sought by the Plaintiffs are state law claims. The state law claims allow for injunctive relief as well as damages, allowed only under state law. As the Court has previously noted, damages are central to the Plaintiffs' litigation strategy of seeking cash settlements. The Court is convinced that the state law claims substantially predominate over the federal claim and that the Plaintiffs have asserted the federal claim for the purpose of bringing the suit in Federal Court." *Molski/Jankey,* 359 F. Supp. 2d at 937. Thus, because Plaintiffs' State Law Claims substantially predominate over the ADA claim, this court should decline to exercise supplemental jurisdiction over these claims under § 1367(c)(2).

### 3. Economy, Convenience, Fairness, and Comity

The Ninth Circuit held that the § 1367(c) inquiry should be "informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Acri, supra,* 114 F.3d at 1001. Thus, these are among the "other compelling reasons" for which a Court may decline to exercise supplemental jurisdiction. *See* §1367(c)(4).

The litigation history of serial plaintiffs such as Connally, Jankey, Molski, and the their counsel, Thomas Frankovich, indicates that the instant Plaintiffs are "clearly involved in forum shopping, which provides another compelling reason to decline to exercise supplemental jurisdiction over [their] State Law Claims under § 1367(c)(4)." *Kahn Winery,* 381 F. Supp. 2d at 1210 (Citing EOS *Estate Winery,* slip op. at *7-9; Hitching Post I,* slip op. at 17-18; *see also Hanna v. Plumer,* 380 U.S. 460, 467-68, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965); *Gov't Employees Ins. Co. v. Dizol,* 133 F. 3d 1220, 1225 n. 5 (9th Cir. 1998)). By keeping a large number of these ADA cases scattered among the many judges in the District Courts, the abusive and predatory

9

1  nature of this "cottage industry" is much harder to discover. This Court should prevent Plaintiffs
2  from benefiting from such tactics.

### IV.

### CONCLUSION

Based on the foregoing, the Court should grant Defendant's 12(b)(1) Motion and dismiss the State Law Claims for lack of subject matter jurisdiction, pursuant to 28 U.S.C. §1367 (c)(1),(2), and (4).[1]

Respectfully submitted,

Dated: August 27, 2007

BRANSON, BRINKOP, GRIFFITH & STRONG

By: _____
JOHN R. CAMPO
Attorneys for Above-Named Defendant

---

[1] The only remaining claim following the granting of this motion would be Plaintiffs' ADA claim for injunctive relief, which is of <u>highly questionable validity.</u> Cf *Molski v. Arby's Huntington Beach,* 359 F. Supp. 2d 938, 948 (C.D. Cal. 2005); *Molski v. Mandarin Touch Restaurant* 385 F.Supp.2d 1042 (C.D. Cal. 2005); *Molski v. Kahn Winery, et al.,* 381 F. Supp.2d 1209 (C.D. Cal. 2005). It must be noted that Defendant has, at all relevant times, believed that the Subject Property was handicap accessible, and alterations to the property were previously undertaken years before Mr. Connally appeared here. Defendant is currently evaluating whether there are any genuine accessibility issues at the Subject Property. Within just a few days of receiving service of the instant Complaint, Defendant wrote to Plaintiffs' counsel advising that the alleged deficiencies would be investigated, and corrected if appropriate.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND, THIRD AND FOURTH CAUSES OF ACTION PURSUANT TO FRCP 12(b)(1)- C-07-3032-BZ