UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, et al., | |
| Plaintiff(s), | No. C07-3032 BZ |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| BAYPORT MARINA PLAZA LLC, | |
| Defendant(s). | |

Defendant's Rule 12(b)(1) Motion to Dismiss the second, third and fourth causes of action (state claims) is **DENIED**[1] for the following reasons:

1.  Supplemental jurisdiction is appropriate where the state claims and the federal claim are derived from a common nucleus of operative fact such that a plaintiff would ordinarily be expected to try them in one judicial proceeding. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725

---

[1] All parties have consented to my jurisdiction for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1  (1966).  According to the complaint, the state and federal
2  claims are all derived from the fact that Connally visited
3  defendants property and found his access impaired by
4  architectural barriers.  Conspicuously absent from defendant's
5  motion is any assertion that the property does not have
6  architectural barriers.
7       2.   While the courts have not reached a uniform position
8  on some of the damage issues that may be presented by the
9  state claims, that is not a sufficient ground for dismissing
10 the claims at this early stage.  In many of the cases on which
11 defendant relies, the court decided to exercise supplemental
12 jurisdiction.  The state claims were dismissed at or after a
13 pretrial conference.  Here, at the pleading stage, it is too
14 early to know whether the factors which have led to the lack
15 of uniformity will be present in this case.
16      3.   At the pleading stage, it is too early to tell
17 whether the damage issues will predominate over the injunctive
18 relief issues.  This court has presided over many cases in
19 which the cost of remediation greatly exceeded plaintiff's
20 damages.  As plaintiff correctly notes, this court has adopted
21 a process for streamlining the resolution of ADA access suits
22 so that violations of the ADA can be remediated expeditiously
23 while minimizing any applicable attorneys fees and damages.
24 See General Order No. 56.
25      4.   Many of the cases on which defendant relies involve
26 Jarek Molski as plaintiff.  As defendant correctly points
27 out, Mr. Molski has been declared a vexatious litigant in the
28 Central District.  Defendant, however, makes no showing that

1  Mr. Connally is a vexatious litigant.  This court's docket
2  discloses only three other ADA access cases which Mr.
3  Connally has filed.  At this stage of the litigation, there
4  is no basis for concluding that any of the sorts of problems
5  which Mr. Molski has presented will be present in this case.
6       I see no need for further argument and therefore **VACATE**
7  the October 31, 2007 hearing.  For the reasons discussed,
8  defendant's motion is **DENIED**.
9  Dated:   October 2, 2007

                        _____
                              Bernard Zimmerman
                        United States Magistrate Judge

G:\BZALL\-BZCASES\Connally et al v. Bayport Marina\CONNALLY.DENY.MOT.DISMISS.BZ VERSION.wpd